# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| Joseph Mosby, |
| Plaintiff, |
| v. |
| Wanda Hunt *et al.*, |
| Defendants. |

Civil Action No. 09-1917 (JDB)

## MEMORANDUM OPINION

In this *pro se* action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, plaintiff challenges the Bureau of Prisons' ("BOP") responses to his three separate FOIA requests for records and seeks correction under the Privacy Act of any "inaccurate agency records and information disputed by Plaintiff, upon their release."[1] Compl. at 3 ¶ 12. Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) or for summary judgment under Rule 56 [Dkt. No. 16]. Plaintiff cross moves for partial summary judgment [Dkt. No. 20]. Upon consideration of the parties' submissions and the entire record, the Court will grant in part and deny in part defendant's motion and will deny plaintiff's motion, which is also considered as his opposition to defendant's motion. In addition, the Court will grant plaintiff's motion for an *in camera* review of the disclosed records [Dkt. No. 25].

---

[1] In addition to naming BOP as a defendant, plaintiff names Wanda Hunt, who is identified in the case caption as "Director of FOIA/Privacy Office." Because neither the FOIA nor the Privacy Act provides a private right of action against individuals, the complaint against Hunt is dismissed. *See Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006) (affirming such a dismissal).

## I. BACKGROUND

FOIA Request Number 2009-05558

On September 8, 2008, plaintiff requested a copy of "PS 5321.07 . . . PS 7300.09 Community Corrections Manual . . . 28 C.F.R. § 570" and related documents. Def.'s Mot., Declaration of Wilson J. Moorer ("Moorer Decl."), Ex. B; Compl. ¶ 1. Defendant purportedly responded to plaintiff's request by providing unredacted copies of "PS 5321.07 . . . and PS 7900.09," Defendant's Statement of Material Facts Not in Genuine Dispute ("Def.'s Facts") ¶ 4, but later determined in response to plaintiff's grievance that plaintiff was "[n]ever provided a correct copy of the Program Statement he originally requested." *Id*. ¶ 5. On January 21, 2010, during the course of this litigation commenced on October 8, 2009, defendant released to plaintiff an unredacted copy of BOP "Program Statement 7300.09, entitled Community Corrections Manual." Moorer Decl., Ex. D.

FOIA Request Number 2008-08823

On July 15, 2008, BOP received plaintiff's request dated July 7, 2008, for records "[r]egarding the FBOP 'INTRUDER' telephone Voice Recording System, policy & promulgation . . . . Includ[ing] all sources of funding . . . [and] All Records that contain Me or My phone list persons." *Id*., Ex. F. On November 21, 2008, defendant released unredacted copies of "Program Statement 5264.08, entitled Inmate Telephone Regulations . . . funding totals for the system for FY 2006, 2007, and 2008; [and] a copy of [] Plaintiff's Telephone Account Statement[.]" *Id*., Ex. G. In response to plaintiff's administrative appeal of that release, the Office of Information and Privacy ("OIP") notified plaintiff by letter of August 17, 2009, that it was remanding the request to BOP for an additional search and that he could "appeal any future

adverse determination made by BOP." *Id*., Ex. J. As of January 28, 2010, "BOP [was] continuing to search its archives and process Plaintiff's appeal, on remand from OIP." Moorer Decl. ¶ 12.

FOIA Request Number 2009-08433

On June 1, 2008, plaintiff requested "the release of agency records relating to a "retaliatory transfer." Compl. ¶ 5. Specifically, plaintiff requested all documents "about my transfer from FMC Rochester to Big Springs TX . . . [a]ll medical reports, records or Memo that relate to FMC Medical Director reclassifying me as 'Care Level II' instead of Care level I [and] [a]ll changes, reports & reviews executed at D.S.C.C. that placed a mgmt/varible [sic] against me, detailing the reasons for that 'greater security' designation." Def.'s Mot., Declaration of Larry Collins ("Collins Decl."), Attach. 2. By letter of September 17, 2009, defendant released portions of two responsive pages and informed plaintiff that it was withholding certain information under FOIA exemptions 2 and 7(F), *see* 5 U.S.C. § 552(b). *Id*., Attach. 4. Because of an "oversight," the letter did not include exemption 7(C), but "the redacted document was clearly marked with Exemption (b)(7)(C)." Collins Decl. ¶ 8. Plaintiff lodged his administrative appeal on September 21, 2009, in which he "advised" that the "belated release does not moot the above case filed in the District of Columbia." *Id*., Attach. 8. By letter of December 15, 2009, OIP notified plaintiff that it was closing his appeal file "[i]nasmuch as this matter is now before the Court[.]" *Id*., Attach. 9.

## II.  LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings . . . and any affidavits show that there is no genuine issue as to any material fact

3

and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party opposing a motion for summary judgment, however, "may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The nonmoving party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Any factual assertions in the movant's affidavits will be accepted as being true unless the opposing party submits his own affidavits or other documentary evidence contradicting the assertion. *Neal v. Kelly,* 963 F.2d 453, 456 (D.C. Cir. 1992).

The FOIA requires a federal agency to release all records responsive to a proper request except those protected from disclosure by one or more of nine enumerated exemptions set forth at 5 U.S.C. § 552(b). The district court is authorized "to enjoin [a federal] agency from withholding agency records or to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B); *see Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 139 (1980). The agency has the burden of proving that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." *Goland v. Central Intelligence Agency*, 607 F.2d 339, 352 (D.C. Cir. 1978), *cert. denied*, 445 U.S. 927 (1980) (internal citation and

4

quotation omitted); *see also Maydak v. Dep't of Justice*, 218 F.3d 760, 764 (D.C. Cir. 2000) (the government has the burden of proving each claimed FOIA exemption). The Court may award summary judgment to an agency solely on the basis of information provided in affidavits or declarations that describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

### III. DISCUSSION

*1. The FOIA Claims*

Request Number 2009-05558

Plaintiff does not dispute that he received the Community Corrections Manual but claims that a genuine issue of material fact exists with regard to defendant's "[w]illfulness." Plaintiff's Statement of Disputed Material Facts Neccessary [sic] to be Litigated LcvR 56.1(b) ("Pl.'s Facts") ¶ 2. This also appears to be the basis of plaintiff's motion for partial summary judgment. Because the Court is authorized under the FOIA only to resolve whether an agency improperly withheld responsive records, "however fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform." *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982); *see Boyd v. Criminal Div. of U.S. Dep't of Justice*, 475 F.3d 381, 388 (D.C. Cir. 2007) (stating that "because the report was located in the work file and subsequently disclosed, the issue is moot for purposes of this

FOIA action") (citing *Perry*).² Hence, defendant is entitled to judgment on this claim.

Request Number 2008-08823

Plaintiff questions the adequacy of "the admitted release" of the telephone records and telephone regulations because they "did not explain or identify INTRUDR." *Id*. ¶ 4. Because OIP has remanded this request to BOP for an additional search and a final determination that has yet to be rendered, *see* Moorer Decl. ¶ 12, the Court will enter judgment for defendant on this claim without prejudice to plaintiff's filing either a new civil action or a motion to reopen this action after he has exhausted his administrative remedies. *See Hidalgo v. FBI*, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003) (stating that "as a jurisprudential doctrine, failure to exhaust precludes judicial review" if a merits determination would undermine the purpose of permitting an agency to review its determinations in the first instance).

Request Number 2009-08433

Plaintiff challenges defendant's justification for withholding information from the two released pages under FOIA exemptions 2, 7(C) and 7(F), *see* Pl.'s Memorandum of Law and Points of Authoritive [sic] in support of Above Requested Relief [for Partial Summary Judgment] at 7, and also challenges the adequacy of the search for responsive records. Plaintiff's general criticism of the search fails to cast any doubt on defendant's evidence demonstrating an adequate search. *See* Collins Decl. ¶¶ 9-13; *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999) ("[T]he Court may rely on '[a] reasonably detailed affidavit, setting forth

---

² Plaintiff also asserts that "but for [his] filing of this suit, Defendant would have never remailed the full CCM policy[.]" Pl.'s Facts ¶ 3. Thus, he "suggests the 'eleventh hour' release should warrant an[] immediate order to remit the $350.00 costs of filing fee . . . ." Pl.'s Mem. at 3. Defendant argues against such an award. *See* Def.'s Mem. of P. & A. at 26-33. The Court will address any request for litigation costs, if necessary, at the conclusion of these proceedings.

the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched.' ") (quoting *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990) (alteration and parentheses in original). The released pages are described as "a memorandum dated March 30, 2009, from FMC Rochester staff, to the Designation and Sentence Computation Center (DSCC) in Grand Prairie, Texas, requesting a temporary transfer of Plaintiff to FCI Sandstone, Minnesota, pending [his] re-designation to an appropriate facility" and "a form . . . Request for Transfer/Application of Management Variable . . . at FMC Rochester and submitted to the DSCC." Collins Decl. ¶ 8. Each document includes "security concerns related to Plaintiff's continued presence at FMC Rochester." *Id*.

Defendant properly justified redacting the "name of another inmate" from the released documents under exemption 7(C), Collins Decl. ¶ 18, inasmuch as it is established that third-party information contained in law enforcement records is categorically exempt from disclosure absent the existence of an overriding public interest, which is not shown here. *Nation Magazine v. United States Customs Serv.*, 71 F.3d 885, 896 (D.C. Cir. 1995); *see SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1205 (D.C. Cir. 1991) (the privacy interests of third parties mentioned in law enforcement records are "substantial"); *Stern v. Federal Bureau of Investigation*, 737 F.2d 84, 92 (D.C. Cir. 1984) (individuals have a "strong interest in not being associated unwarrantedly with alleged criminal activity"). Hence, defendant is entitled to judgment on its invocation of exemption 7(C).

Defendant has not, however, properly justified withholding information pursuant to exemptions 2 and 7(F). Exemption 2 protects materials that are "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). Generally, courts limit

exemption 2 protection to "trivial administrative matters of no genuine public interest" ("low 2" exempt information), and to information that, if disclosed, "may risk circumvention of agency regulation" ("high 2" exempt information). *Schiller v. NLRB*, 964 F.2d 1205, 1206 (D.C. Cir. 1992); *see Schwaner v. Dep't of the Air Force*, 898 F.2d 793, 795 (D.C. Cir. 1990). Exemption 7(F) protects from disclosure law enforcement records that "could reasonably be expected to endanger the life or physical safety of any individual." 5 U.S.C. § 552(b)(7)(F). "In general, this exemption has been interpreted to apply to names and identifying information of law enforcement officers, witnesses, confidential informants and other third persons who may be unknown to the requester." *Antonelli v. Federal Bureau of Prisons*, 623 F. Supp. 2d 55, 58 (D.D.C. 2009) (citations omitted). In reviewing claims under exemption 7(F), courts have inquired whether there is some nexus between disclosure and possible harm and whether the deletions were narrowly made to avert the possibility of such harm. *See Albuquerque Pub. Co. v. U.S. Dep't. of Justice*, 726 F. Supp. 851, 858 (D.D.C. 1989).

Defendant's declarant has not adequately described the redacted information and explained the possible harm in disclosure. *See* Collins Decl. ¶ 17 (stating only as to exemption 2 that "[r]equests for transfer are internal BOP documents routinely used by staff to relay information relevant to and solely for the purpose of re-designation of an inmate"); *id*. ¶ 19 (describing the information withheld under exemption 7(F) only as "contain[ing] security concerns related to Plaintiff's continued presence at FMC Rochester the release of which could jeopardize the safety of individual(s)"). Nor does the record include the released pages. Consequently, the Court is without sufficient information to determine the "logical connection between the [withheld] information and [those] claimed exemption[s]." *Goldberg v. U.S. Dep't*

8

*of State*, 818 F.2d 71, 78 (D.C. Cir. 1987) (citation and internal quotation marks omitted). Given the apparent paucity of material at issue, the Court will grant plaintiff's motion for an *in camera* review of the released documents, albeit not for the purpose of determining whether they "contain [] false and prejudicial information[,]" Pl.'s Mot. for In Camera Review of FOIA Exempted Redactions ¶ 3, but rather for the sole purpose of determining whether defendant improperly withheld non-exempt information. *See North v. Walsh*, 881 F.2d 1088, 1096 (D.C. Cir. 1989) (summarizing that the "need or intended use for [] documents is irrelevant to [a] FOIA action"); *U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 772 (1989) (confirming that "[t]he Act's sole concern is with what must be made public or not made public") (citation and internal quotation marks omitted); *accord Swan v. Sec. & Exch. Comm'n*, 96 F.3d 498, 499 (D.C. Cir. 1996).

## 2. *The Privacy Act Claim*

As best that can be discerned regarding plaintiff's Privacy Act claim, he seeks correction of "inaccurate agency records and information disputed by Plaintiff, upon their release." Compl. at 3 ¶ 12. To the extent that the claim is ripe for review, plaintiff is without a remedy. The two released documents were located in BOP's Inmate Central Records System. Collins Decl. ¶ 10. It is established that pursuant to 5 U.S.C. § 552a(j)(2), BOP has exempted that system of records from the Privacy Act's accuracy and amendment requirements (subsections (d) and (e)(5)) and from its damages provision (subsection (g)). *See* 28 C.F.R. § 16.97(a)(4), (j); *White v. United States Probation Office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (per curiam) ("Under regulations . . . BOP inmate records systems are exempt from the amendment provisions of the Act."); *accord Martinez v. Bureau of Prisons,* 444 F.3d 620, 624 (D.C. Cir. 2006) ("The BOP has exempted its Inmate Central Record System from the accuracy provisions of the Privacy Act[.]") (citations

9

omitted); *Ramirez v. Dep't of Justice*, 594 F. Supp.2d 58, 65 (D.D.C. 2009) ("Having exempted its records from the substantive provision regarding the agency's recordkeeping obligations, BOP effectively deprives litigants of a remedy for any harm caused by the agency's substandard recordkeeping."). Hence, defendant is entitled to judgment on the Privacy Act claim.

## CONCLUSION

For the foregoing reasons, the Court will grant defendant's motion for summary judgment except as to defendant's invocation of FOIA exemptions 2 and 7(F), and will deny plaintiff's cross motion for summary judgment. A separate Order accompanies this Memorandum Opinion

                                                     s/
                                       JOHN D. BATES
                              United States District Judge

Dated: May 5, 2010